UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

KETURAH TAWANA MIXON,                          Case No. 22-01931-swd
                                               Chapter 7
            Debtor.                            Hon. Scott W. Dales

_____/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

On January 10, 2023 in Kalamazoo, Michigan, the court held a final hearing to consider the motion of Bank of America, N.A. ("BANA") for relief from the automatic stay (the "Motion," ECF No. 24).  BANA appeared through counsel in support of the Motion; chapter 7 debtor Keturah Tawana Mixon, who opposes the Motion, appeared *pro se*.  For the reasons set forth on the record, as amplified in this Memorandum of Decision and Order, the court will grant the Motion.

First, as to jurisdiction: a proceeding to modify the automatic stay is a statutory core proceeding over which the court has full authority to exercise the subject matter jurisdiction the U.S. District Court referred under statute and local rule.  28 U.S.C. § 157(a) (referral) and (b)(2)(G) (motions to terminate, annul, or modify the automatic stay); 28 U.S.C. § 1334(b) (subject matter jurisdiction); W.D. Mich. LGenR 3.1(a) (referral).

Satisfied that it has jurisdiction, the court turns to the merits of the Motion.  Since sometime in 2014, Ms. Mixon and BANA have sparred in court over their competing interests in Ms. Mixon's residence, the real estate commonly known as 243 Devon Road, Battle Creek, MI (the "Real Estate").  Since May 2021, the dispute has been pending in the United States District Court for the Western District of Michigan, Case No. 1:21-cv-00430-JTN-SJB (the "Pending District

Court Proceeding"), which BANA filed against Debtor and others, essentially to quiet title to the Real Estate, recognize BANA as holding a first mortgage, and authorize BANA to exercise its rights as mortgagee, including through foreclosure, if later allowed.

When Ms. Mixon filed her voluntary petition for relief under chapter 7 in the United States Bankruptcy Court for the Western District of Michigan, the automatic stay of 11 U.S.C. § 362(a) effectively stayed the Pending District Court Proceeding.[1]  BANA filed its Motion to lift the stay so that the Pending District Court Proceeding may resume, arguing that cause exists under § 362(d)(1).  BANA also seeks relief under § 362(d)(2) that the Debtor lacks equity in the Real Estate and the property is not necessary to a reorganization, because Ms. Mixon seeks liquidation, not reorganization.

Courts evaluate "cause" for purposes of § 362(d)(1) on a "case-by-case basis," because the Bankruptcy Code does not define the term.  *In re Trident Associates Ltd. Partnership*, 52 F.3d 127, 131 (6th Cir. 1995) (*citing In re Laguna Associates Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir. 1995)).  Cause, therefore, is an eminently flexible concept.  *In re Hermoyian*, 435 B.R. 456, 461 (Bankr. E.D. Mich. 2010).

Here, the court finds "cause" in the fact that the District Court has been exercising its diversity jurisdiction over this dispute in one form or another since 2015.  The Pending District Court Proceeding has been before the District Court since May 2021, and that court has already gained familiarity with the parties and their dispute, issuing several opinions regarding jurisdiction, Ms. Mixon's several dismissal motions, and her motion for more definite statement, among other events in the case.  Moreover, the District Court's role in the long-running dispute dates back to

---

[1] The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*.  Specific sections of the Bankruptcy Code are identified herein as "§ ___."

2015, specifically Case No. 1:15-cv-00486, and later, Case No. 1:18-cv-00499 (both involving BANA and Ms. Mixon). As the court noted during the hearing, the District Court's familiarity with the dispute gives it, and the parties, a head start in resolving their differences, which the court regards as "cause" to grant relief from the automatic stay under § 362(d)(1). Restarting the litigation in the bankruptcy court promises only delay, in part because the District Court's interlocutory findings, though certainly entitled to deference, would not likely be preclusive in separate litigation. Moreover, because the record reflects two prepetition deeds from Ms. Mixon to her husband,[2] the Real Estate may not even be included in the bankruptcy estate, and the District Court likely has a stronger jurisdictional claim over the property, with a broader array of relief available to the parties in that forum. More generally, this court has never conducted a real estate foreclosure; instead, upon a proper showing, the court typically grants stay relief and leaves the parties to non-bankruptcy remedies (such as non-judicial foreclosure) or other tribunals with undoubted authority to grant, or withhold, relief in a judicial foreclosure action.

At the hearing, Ms. Mixon asked for the opportunity to offer evidence on the issue of her equity in the Real Estate but the court declined, resting its decision to lift the automatic stay on § 362(d)(1), which presented a question of discretion not evidence, rather than (d)(2) which might have implicated a factual dispute about the value of Ms. Mixon's interest.[3]

---

[2] *See* Motion at Exh. I and M (two deeds reflecting Ms. Mixon as grantor). The nature of the parties' respective interests in the Real Estate is a question currently pending before the District Court in the quiet title and foreclosure action, and nothing in today's decision has preclusive effect in that court. *In re Lebbos*, 455 B.R. 607, 615 (Bankr. E.D. Mich. 2011).

[3] If the Debtor has only a land contract vendee's interest in the Real Estate as she reports in her schedules, her claim of equity is weak. The Sixth Circuit teaches that, unlike the interest of a mortgagor who holds title to the real estate that serves as collateral, "a vendee's or vendor's interest 'are only incidents of or necessary consequences of the right to specific performance,'" and the vendee's breach excuses the vendor from performing. *In re Terrell*, 892 F.2d 469, 473 (6th Cir. 1989). Therefore, the deemed rejection and breach of the supposed land contract that occurred by operation of § 365(d)(1) and (g) on the sixtieth day after Ms. Mixon filed her petition undermines any equity-based argument. Under the circumstances, the court elected not to put the parties to the expense and delay of an evidentiary hearing on the valuation issue that Ms. Mixon attempted to raise. It is not necessary to make any findings under § 362(d)(2) as the statute provides alternate grounds for relief.

With respect to BANA's request for *in rem* relief, the creditor abandoned the request when the court (1) confirmed that Ms. Mixon is not a serial bankruptcy filer, and (2) stated that it would require an evidentiary hearing before making any finding that her case was part of a "scheme to delay, hinder, or defraud creditors …"  11 U.S.C. § 362(h)(1).

Finally, because Ms. Mixon opposed the Motion, the court will not waive the fourteen day stay of this Memorandum of Decision and Order that presumptively applies under Fed. R. Bankr. P. 4001(a)(3).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, IN PART, and DENIED IN PART as provided herein: (1) the Motion is GRANTED to the extent it seeks relief from the automatic stay to resume the Pending District Court Proceeding; and (2) DENIED to the extent it seeks *in rem* relief under § 362(h) or immediate effect under Fed. R. Bankr. P. 4001(a)(3).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Thomas C. Richardson, Esq., chapter 7 Trustee, Bank of America, N.A., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 12, 2023**



Scott W. Dales
United States Bankruptcy Judge